UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENNETH DORSEY, | ) | |
| Petitioner, | ) | 3:09-cv-0066-RCJ-VPC |
| vs. | ) | **ORDER REOPENING CASE** |
| WILLIAM DONAT, *et al.*, | ) | |
| Respondents. | ) | |

Petitioner has filed a motion seeking to reopen this habeas corpus case (docket #33). Respondents have responded to the motion (docket #36) indicating no objection and stating the intention to reserve any defenses or objections to the claims raised. Petitioner also seeks leave to file an amended petition (docket #34) and for appointment of counsel (docket #25).

This action was stayed and grounds two and three were dismissed without prejudice, and the case closed administratively, pursuant to an Order entered March 22, 2010 (docket #30). The dismissal resulted from petitioner's request for stay order to allow him to return to state court to exhaust his state-court remedies with respect to certain of his grounds for relief. In the Order dismissing the case, the Court indicated that this case is subject to being reopened upon a motion by petitioner. *See id.*

Petitioner's further state-court proceedings have apparently concluded, and petitioner has now returned to this Court seeking to reopen this case. Respondents do not object to the case being reopened. The Court will therefore grant petitioner's motion to reopen this case and to file an amended petition. The motion for counsel shall be denied at this time. There is no constitutional right to

appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Petitioner's amended petition present his claims clearly and includes argument in anticipation of the State's defense. No counsel shall be appointed.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Reopen Case (docket #33) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **REOPEN THIS FILE**.

**IT IS FURTHER ORDERED** that the motion to file an amended petition (docket #34) is **GRANTED**. The Clerk shall detach and file the proposed amended petition attached to the motion and shall electronically serve it upon respondents. Respondents shall have **forty-five (45) days** from entry of this order to answer or otherwise respond to the amended petition.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (docket #35) is **DENIED**.

Dated this 20th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

2