UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENNETH DORSEY,          )
                         )
       Petitioner,       )      3:09-cv-0066-RCJ-VPC
                         )
vs.                      )
                         )      ORDER
WILLIAM DONAT, *et al.*, )
                         )
                         )
       Respondents.      )
_____/

This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by petitioner Kenneth Dorsey, a Nevada prisoner. Before the Court is respondents' motion to dismiss the First Amended Petition (ECF No. 44). Petitioner has opposed the motion and respondents' have replied.

I.      **Procedural History**

Petitioner was charged on February 19, 2002, in the Second Judicial District Court for Washoe County, with burglary. Exhibit 9.[1] The state also charged petitioner with a habitual criminal count. *Id.* After a jury trial petitioner was convicted of burglary. Exhibits 119B, 120A,

---

[1] Exhibits 1-341 cited in this order are those filed by respondents in support of their motion to dismiss the petition for writ of habeas corpus, and are located in the record at ECF Nos. 11-18 and 25. Exhibits 342-363 are found at ECF No. 45.

124. The state district court found petitioner to be a habitual criminal and sentenced petitioner to life imprisonment with parole eligibility in ten years. Exhibit 157. A judgment of conviction was entered on July 30, 2003. Exhibit 158.

Petitioner appealed, alleging (1) the evidence was insufficient to sustain the conviction; (2) the district court committed reversible error in admitting evidence of a prior shoplift committed by the petitioner that was successfully prosecuted as a burglary; (3) the trial court committed reversible error in permitting improper impeachment of the sole defense witness, thereby causing the defense not to call that witness; (4) the trial court committed reversible error in refusing to submit a lesser included of misdemeanor trespass to the jury; (5) the sentence is excessive, in violation of the Eighth and Fourteenth Amendments; and (6) the sentencing was improperly done by the trial court and not the jury, in violation of petitioner's Sixth and Fourteenth Amendment rights. Exhibits 161 and 217A. On March 3, 2005, the Nevada Supreme Court affirmed the judgment of conviction. Exhibit 222.

On June 1, 2005, petitioner filed a state habeas corpus petition, alleging (1) the state district court refused to provide petitioner with his complete trial records; (2) ineffective assistance of trial counsel at pretrial proceedings in violation of petitioner's Sixth and Fourteenth Amendment rights; (3) ineffective assistance of trial counsel at trial in violation of his Sixth and Fourteenth Amendment rights; and (4) ineffective assistance of trial counsel at sentencing. Exhibit 266. The trial court denied the petition. Exhibit 319. On appeal, the Nevada Supreme Court affirmed the lower court's decision. Exhibit 329. Remittitur issued on August 5, 2008. Exhibit 333.

This Court received a federal petition for writ of habeas corpus on February 6, 2009. (ECF No. 1.) Petitioner alleged the following claims: (1) the evidence is insufficient to sustain the burglary conviction; (2) the district court committed reversible error in admitting evidence of a prior shoplift committed by the petitioner, successfully prosecuted as a burglary in violation of his Fourth, Fifth, and Fourteenth Amendment rights; and (3) the trial court committed reversible error in refusing to submit a "lesser included" of misdemeanor trespass instruction to the jury, in violation of

his Fourth, Fifth, and Fourteenth Amendment rights. (ECF No. 6.)

Respondents' original motion to dismiss (ECF No. 10) was granted and on petitioner's motion for stay his second and third grounds for relief were dismissed without prejudice, because he had failed to make a showing of good cause under *Rhines v. Weber,* 544 U.S. 269 (2005). (ECF No. 30.)

Petitioner returned to state court and fully litigated and appealed a second post-conviction petition. Exhibits 342-362. Thereafter, he returned to this Court and moved to reopen his case. (ECF No. 33.) An amended petition was then filed wherein petitioner raises the following claims for relief:

I. Insufficient evidence to sustain the conviction in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

II. Ineffective assistance of appellate counsel due to appellate counsel's failure to raise claims of ineffective assistance of trial counsel for allowing the wrongful admission of a highly prejudicial certified judgement of conviction.

III. Ineffective assistance of appellate counsel, due to appellate counsel's failure to raise ineffective assistance of trial counsel where a prejudicial conflict of interest existed between counsel and petitioner and trial court error where the court failed to remove counsel when it became aware of the conflict.

IV. Violations of the Fifth, Sixth, and Fourteenth Amendments where the trial court abused its discretion in finding trial counsel to be effective under *Strickland* standards despite counsel's use of "competing theories of defense."

V. The district court abused its discretion under *Strickland* in finding appellate counsel effective where counsel failed to raise the court's error in allowing the admission of a prior conviction.

V(b). The district court abused its discretion when it found trial counsel to have been effective under *Strickland* where counsel prevented petitioner from testifying in his own defense.

VI. The district court abused its discretion when it did not provide petitioner with a different attorney when it was advised during a hearing of the existence of a conflict of interest between petitioner and trial counsel.

VII. The district court abused its discretion when it failed to conduct an evidentiary hearing to determine whether appellate counsel was ineffective for not presenting the claim that the trial court erred in failing to provide petitioner with conflict-free counsel.

VIII. The district court abused its discretion when it did not conduct an evidentiary hearing

        to determine the impact of petitioner wearing a stun belt during trial.

  IX.    The district court abused its discretion when it did not conduct an evidentiary hearing to determine the ineffective assistance of appellate counsel in not bringing a claim related to petitioner being made to wear the stun belt.

First Amended Petition (ECF No. 38).

**II. Discussion**

Respondents argue in their motion to dismiss that grounds two through nine of the First Amended Petition must be dismissed as untimely filed and procedurally defaulted. They further argue that ground three is unexhausted. In opposition to the motion to dismiss, Petitioner refers the Court to his First Amended Petition and exhibits.

**A. Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) came into effect. Pub.L. No. 104-132, 110 Stat. 1214-1226 (1996). The AEDPA made various amendments to the statutes controlling federal habeas corpus practice. One of the amendments imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1)(A-D).

For convictions that became final prior to the enactment of the AEDPA, a petitioner had until April 24, 1997, to file a federal habeas corpus petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000). A state application is not "properly filed" if it is not timely-filed in the state courts. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807 (2005)("[w]hen a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)") (citation omitted). The filing of a federal habeas petition does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

Respondents do not argue that the claims presented in the original federal petition were untimely. However, they do contend that the claims raised in petitioner's First Amended Petition, which were never presented in the original, are untimely because they are not related to the original claims, presenting new claims not previously seen by this Court.

Petitioner's conviction became final on September 13, 2005, ninety days after the Nevada Supreme Court issued its remittitur on direct appeal. Prior to his conviction becoming final, on June 1, 2005, petitioner filed his first state post-conviction petition. Thus, the one-year period did not begin to run until after that petition was denied and the Nevada Supreme Court affirmed the denial on appeal. Remittitur issued on August 5, 2008, giving petitioner until August 5, 2009 to file his federal habeas petition. His original federal petition was filed on January 30, 2009, leaving some 187 days remaining of the one-year limitation period. The original federal petition was timely filed.

5

Petitioner's second state post-conviction petition was filed less than a month later, on February 10, 2009.  This petition was ultimately dismissed on procedural grounds with the Nevada Supreme Court finding it was procedurally barred pursuant to Nevada Revised Statutes (NRS) 34.726 because it was filed more than four years after entry of the judgement of conviction,  and 34.810 because it was not his first post-conviction petition.  Exhibit 362.  That court went on to determine that petitioner had failed to show cause and prejudice to overcome the procedural default or to demonstrate that he was the victim of a fundamental miscarriage of justice.  *Id.*

A state application is not "properly filed" if it is not timely-filed in the state courts. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807 (2005)("[w]hen a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)") (citation omitted); *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 4-5 (2007) (same) (quoting *id.*). Thus, within the meaning of section 2244(d)(2), an untimely state application is not considered to be "pending" and accrues no statutory tolling time. *See, e.g., id.*  Therefore, the statute of limitations was not tolled between February 10, 2009, and petitioner's filing of the First Amended Petition on September 22, 2010.

**B.     Relation Back**

Respondents rely on the holding of *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562 (2005) to support their argument that ground two through nine of the amended petition are untimely. In *Mayle*, the petitioner originally raised only a confrontation clause claim in his habeas petition, based on the admission of video-taped prosecution witness testimony.  545 U.S. at 648-49, 125 S.Ct. at 2566.  After the one-year AEDPA statute of limitations had passed, petitioner then sought to amend his habeas petition to allege a fifth amendment claim based on coercive police tactics used to obtain damaging statements from him.  *Id.*  The factual basis for each claim was distinct.  Petitioner then argued that his amended claim related back to the date of his original habeas petition because the claim arose out of the same trial, conviction or sentence.  *Id.* at 659-661, 125 S.Ct. at 2572-2573. In rejecting petitioner's argument the Supreme Court held that if "claims asserted after the one-year

6

period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662. Thus, the Supreme Court concluded that new claims raised after the expiration of the one-year limitation period imposed by 28 U.S.C. § 2244(d) must involve a common "core of operative facts" uniting them to the original claims. *Mayles,* 545 U.S., at 660, 125 S.Ct., at 2573 (citing *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d, 1246, 1259, n. 29 (9th Cir. 1982); *see also,* 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1497, p. 85 (2d ed.1990).

Petitioner's amended petition was filed 450 days past the expiration of the one-year limitation period. When grounds two and three were dismissed from the petition prior to petitioner's return to state court, he was left with a single claim for relief: a claim that there was insufficient evidence to support his conviction for burglary. As a result, unless the other claims raised in the amended petition share a common core of operative facts with that issue, they are untimely. They do not.

**C.    Equitable Tolling**

Grounds two through nine of the First Amended Petition are untimely because they do not relate to the single surviving claim of the original federal petition. However, the AEDPA limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. ____, 130 S.Ct. 2549, 2560 (2010); *Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288; *see also*, *Pace v. DiGuglielmo,* 544 U.S. 408,418, 125 S.Ct. 1807 (2005). In certain circumstances, the misconduct of counsel can, if sufficiently egregious, justify such tolling. *Holland,* 130 S.Ct. at 2564-65.

Petitioner argues that he was the victim of ineffective assistance of counsel which should overcome any bar to a review of the merits of his claims. In *Holland, supra.,* the United

States Supreme Court considered counsel's years-long failure to communicate with his client about the status of his state petition, failure to research filing deadlines and failure to take heed of his client's communications regarding the filing deadlines to be so egregious that they were extraordinary circumstances beyond the petitioner's control, which warranted equitable tolling of the statute of limitations. *Id.*, at 2564. Petitioner's facts do not present such egregious behavior. In this instance, petitioner contends that his counsel's performance at the state court level was ineffective in failing to argue various claims or contentions. These allegations do not explain petitioner's belated presentment of grounds two through nine - which he could have presented in his original petition as they were well known to him at the time.

In addition to his arguments of ineffective assistance of counsel, petitioner argues that he is actually and factually innocent of burglary. Actual innocence may be a gateway to review of claims that are otherwise procedurally barred. *Schlep v. Delo,* 513 U.S. 289, 324, 115 S.Ct. 851 (1995). Such claims of actual innocence require "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," *Id.,* at 324, 115 S.Ct. 851. In the absence of new evidence, "even the existence of a concededly meritorious constitutional violation" is insufficient to establish a miscarriage of justice warranting a review of the merits of a barred claim." *Id.* at 317.

Petitioner present no new <u>evidence</u> to support his claim of actual innocence. Rather, he argues that "review of similarly situated inmates (offenders) who were not classified as burglars or habitual criminals or shoplifters for the same type of offense and set of facts," is evidence of his innocence of the offense of burglary. First Amended Petition, p. 4. Petitioner's arguments of actual innocence are not persuasive. He does not present any new, credible scientific evidence, eyewitness accounts, or physical evidence that was not presented at trial. His attempts to recast the evidence presented at trial does not meet the *Schlep* standard. Petitioner's claims are untimely and he has not established that he is entitled to equitable tolling of the limitations period.

Grounds two through nine of the First Amended Petition shall be dismissed with

prejudice as untimely.  As a result, it is unnecessary to discuss further issues of exhaustion or procedural default, although the Court notes that petitioner's arguments of cause and prejudice and actual innocence, discussed in relation to the timeliness issue, would also fail to overcome any procedural bar to those claims if they were deemed to be timely filed but procedurally barred.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 44) is **GRANTED.**  The Court finds that grounds two through nine are untimely.  Grounds two, three, four, five, five (b), six, seven, eight and nine are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** to file their Answer.  Thereafter, petitioner shall have thirty days in which to file a reply.

Dated this 14th day of June, 2011.

_____
UNITED STATES CHIEF DISTRICT JUDGE