1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13

KENNETH DORSEY,                        )
                                       )
            Petitioner,                )        3:09-cv-0066-RCJ-VPC
                                       )
vs.                                    )        **ORDER**
                                       )
WILLIAM DONAT, *et al.,*               )
                                       )
            Respondents.               )
_____/

14      This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by

15   Kenneth Dorsey, a Nevada prisoner.  Before the Court is petitioner's amended petition, respondents'

16   Answer and petitioner's Reply.  The Court has reviewed the arguments presented as discussed

17   below.  The petition shall be denied.

18   **I.  Background**

19   **I.  Procedural History**

20      Petitioner was charged on February 19, 2002, in the Second Judicial District Court for

21   Washoe County, with burglary.  Exhibit 9.[1]  The state also charged petitioner with a habitual

22   criminal count.  *Id.*  After a jury trial petitioner was convicted of burglary.  Exhibits 119B, 120A,

23   124.  The state district court found petitioner to be a habitual criminal and sentenced petitioner to life

24   imprisonment with parole eligibility in ten years.  Exhibit 157.  A judgment of conviction was

25   _____

26     [1] Exhibits 1-341 cited in this order are those filed by respondents in support of their motion to dismiss the petition for writ of habeas corpus, and are located in the record at ECF Nos. 11-18 and 25. Exhibits 342-363 are found at ECF No. 45.

1    entered on July 30, 2003.  Exhibit 158.  Petitioner appealed.  Exhibits 161 and 217A.  On March 3,

2    2005, the Nevada Supreme Court affirmed the judgment of conviction.  Exhibit 222.

3           On June 1, 2005, petitioner filed a state habeas corpus petition.  Exhibit 266.  The

4    trial court denied the petition.  Exhibit 319.  On appeal, the Nevada Supreme Court affirmed the

5    lower court's decision.  Exhibit 329.

6           This Court received a federal petition for writ of habeas corpus on February 6, 2009.

7    (ECF No. 1.)  Petitioner alleged the following claims: (1) the evidence is insufficient to sustain the

8    burglary conviction; (2) the district court committed reversible error in admitting evidence of a prior

9    shoplift committed by the petitioner, successfully prosecuted as a burglary in violation of his Fourth,

10   Fifth, and Fourteenth Amendment rights; and (3) the trial court committed reversible error in

11   refusing to submit a "lesser included" of misdemeanor trespass instruction to the jury, in violation of

12   his Fourth, Fifth, and Fourteenth Amendment rights.  (ECF No. 6.)

13          Respondents' original motion to dismiss (ECF No. 10) was granted and on

14   petitioner's motion for stay his second and third grounds for relief were dismissed without prejudice,

15   because he had failed to make a showing of good cause under *Rhines v. Weber,* 544 U.S. 269 (2005).

16   (ECF No. 30.)  Petitioner returned to state court and fully litigated and appealed a second post-

17   conviction petition.  Exhibits 342-362.  Thereafter, he returned to this Court and moved to reopen his

18   case.  (ECF No. 33.)  An amended petition was then filed wherein petitioner raised the following

19   claims for relief:

20          I.     Insufficient evidence to sustain the conviction in violation of the Fifth and Fourteenth
                   Amendments to the U.S. Constitution.

21

22          II.    Ineffective assistance of appellate counsel due to appellate counsel's failure to raise
                   claims of ineffective assistance of trial counsel for allowing the wrongful admission
                   of a highly prejudicial certified judgement of conviction.

23

24          III.   Ineffective assistance of appellate counsel, due to appellate counsel's failure to raise
                   ineffective assistance of trial counsel where a prejudicial conflict of interest existed
                   between counsel and petitioner and trial court error where the court failed to remove
                   counsel when it became aware of the conflict.

25

26

                                        2

IV.    Violations of the Fifth, Sixth, and Fourteenth Amendments where the trial court abused its discretion in finding trial counsel to be effective under *Strickland* standards despite counsel's use of "competing theories of defense."

V.    The district court abused its discretion under *Strickland* in finding appellate counsel effective where counsel failed to raise the court's error in allowing the admission of a prior conviction.

V(b).    The district court abused its discretion when it found trial counsel to have been effective under *Strickland* where counsel prevented petitioner from testifying in his own defense.

VI.    The district court abused its discretion when it did not provide petitioner with a different attorney when it was advised during a hearing of the existence of a conflict of interest between petitioner and trial counsel.

VII.    The district court abused its discretion when it failed to conduct an evidentiary hearing to determine whether appellate counsel was ineffective for not presenting the claim that the trial court erred in failing to provide petitioner with conflict-free counsel.

VIII.    The district court abused its discretion when it did not conduct  an evidentiary hearing to determine the impact of petitioner wearing a stun belt during trial.

IX.    The district court abused its discretion when it did not conduct an evidentiary hearing to determine the ineffective assistance of appellate counsel in not bringing a claim related to petitioner being made to wear the stun belt.

First Amended Petition (ECF No. 38).

A second motion to dismiss was litigated and the Court determined that grounds two through nine are untimely and dismissed them with prejudice as such.  The respondents answered and petitioner replied to ground one.

**II.  Discussion**

A.    <u>Legal Standard</u>

Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the United States Supreme Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record

3

1   before the state court, § 2254(d)(2). *Harrington v. Richter,* 131 S.Ct. 770, 785 (2011). These

2   standards constrain this Court's review of the petition. Keeping those constraints in minds, the

3   Court has reviewed the parties' arguments and the record presented to the Nevada Supreme Court in

4   its review as discussed below.

5                    Ground One

6           In his single surviving claim, petitioner claims that his conviction was obtained in

7   violation of his Fifth and Fourteenth Amendment rights where there was insufficient evidence

8   presented at trial to convict him. Specifically, he argues that there was insufficient evidence to prove

9   his intent to commit larceny at the time he entered CLK Designs, so as to convict him of burglary.

10          Review of the sufficiency of the evidence to support a criminal conviction must look

11   to determine "whether the record evidence could reasonably support a finding of guilt beyond a

12   reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318-319, 99 S.Ct. 2781, 2789 (1979). The

13   Court must determine whether, after viewing the evidence in the light most favorable to the

14   prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

15   reasonable doubt. *Id.* This review "must be applied with explicit reference to the substantive

16   elements of the criminal offense as defined by state law." *Chein v. Shumsky,* 373 F.3d 978, 983 (9th

17   Cir. 2004).

18          Relevant to the facts underlying petitioner's crime, under Nevada law, a person is

19   guilty of burglary if that person enters any shop, warehouse, store or other building with the intent to

20   commit grand or petit larceny, assault or battery on any person or any felony, or to obtain money or

21   property by false pretenses. *See* Nevada Revised Statutes § 205.060 (emphasis added).

22          Petitioner contends that he "lawfully entered an open to public store through an

23   alternative entrance" and, upon seeing a cashbox in the business office which he entered, formed the

24   intent to take the cashbox "only after he discovered it." Reply brief, p. 3. He further argues that the

25   testimony of the business owner was insufficient to establish the requisite intent element, making the

26

                                                    4

1   Nevada Supreme Court's decision to uphold his conviction an unreasonable application of the

2   *Jackson* standard.

3                As noted by respondents, testimony at trial was offered by the business owner, Ms.

4   Rae Swainston.  *See* Exhibit 119B.  Ms. Swainston told the jury that her business was an interior

5   design studio used primarily to meet with clients, but that it did contain various design accessories

6   such as lamps and pillows that were for sale from the premises.  *Id.* at 109-114.  Ms. Swainston

7   further testified that petitioner entered her premises from a back entrance while she was in front of

8   the business putting up holiday decorations.  *Id.* at 116-17.  She observed petitioner behind the desk

9   where he had opened three drawers and removed the cash box from one of them.  *Id.* at 118, 132.

10  According to testimony, when Ms. Swainston questioned petitioner as to what he was doing, his

11  reply was that he hadn't taken anything.  *Id.* at 119.  Testimony further indicated that petitioner

12  ultimately put the cash box down and left the premises.  *Id.* at 120-21.  Finally, Ms. Swainston

13  testified that she followed petitioner to his vehicle and wrote down his license plate number and later

14  identified petitioner from a photographic lineup.  *Id.* at 122-23.

15               As the Nevada Supreme Court noted in is Order of Affirmance, a rational jury could

16  reasonably infer from this testimony that petitioner had entered the premises intending to steal what

17  he could find.  *See* Exhibit 222.  Petitioer's actions offered no indication of any other intention, such

18  as seeking interior design services or decorating accessories - the normal things available to

19  customers of the business.  Customers entering the premises seeking articles to buy or design

20  services would not rationally be expected to enter through a back door and go directly to the

21  proprietor's desk and begin rifling through it.  Petitioner's actions, as presented through testimony,

22  would permit the jury to infer the necessary intent from the circumstances described.  Circumstantial

23  evidence which convinces a jury beyond a reasonable doubt is sufficient to sustain a conviction.

24  *Holland v. U.S.,* 34 U.S. 121, 140, 75 S.Ct. 127, 137-38 (1954); *see also Carmell v. Texas,* 529 U.S.

25  513, 120 S.Ct. 1620 (2000).

26

5

1    **III.    Conclusion**

2           Petitioner has failed to demonstrate to this Court that the Nevada Supreme Court's

3    affirmance of his conviction was objectively unreasonable, either in its application of clearly

4    established federal law or in its factual determinations.  His petition must be denied.

5           Should petitioner seek to appeal this denial, he must receive a certificate of

6    appealability (COA).  28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial

7    showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.*  The

8    Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the

9    district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529

10   U.S. 473, 484 (2000).

11          The Supreme Court further illuminated the standard for issuance of a certificate of

12   appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court stated in that case:

13              We do not require petitioner to prove, before the issuance of a COA, that
                some jurists would grant the petition for habeas corpus.  Indeed, a claim
14              can be debatable even though every jurist of reason might agree, after the
                COA has been granted and the case has received full consideration, that
15              petitioner will not prevail. As we stated in *Slack*, "[w]here a district court
                has rejected the constitutional claims on the merits, the showing required
16              to satisfy § 2253(c) is straightforward: The petitioner must demonstrate
                that reasonable jurists would find the district court's assessment of the
17              constitutional claims debatable or wrong."

18   *Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

19          The Court has considered the issues raised by petitioner before this Court, with

20   respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court

21   determines that none meet that standard.  Accordingly, the Court will deny petitioner a certificate of

22   appealability.

23          **IT IS THEREFORE ORDERED** that the amended petition for writ of habeas

24   corpus (ECF No 38) is **DENIED.**

25

26

6

1          **IT IS FURTHER ORDERED** that no certificate of appealabiity is warranted.  The

2   Clerk shall enter judgment accordingly.

3          Dated, this 7th day of December, 2011.

4

5                                                    _____

6                                                    UNITED STATES DISTRICT JUDGE

7

7